NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JAMES L. ELLERBE, | : | Civil No. 08-5889 (WJM) |
| | : | |
| Plaintiff, | : | |
| | : | OPINION |
| v. | : | |
| | : | |
| R. LAPENTA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES**:

    JAMES L. ELLERBE, #231903/357210B, Plaintiff Pro Se
    Northern State Prison
    168 Frontage Road
    P.O. Box 2300
    Trenton, NJ 07114

**MARTINI, District Judge**

    Plaintiff James L. Ellerbe, an inmate currently confined at Northern State Prison, seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, see 28 U.S.C. § 1915(g), this Court will grant in forma pauperis status to Plaintiff. As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint, without prejudice to the filing of an amended complaint if Plaintiff believes he can cure the deficiencies described in this Opinion.

## I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights arising from his incarceration at East Jersey State Prison ("EJSP").  Plaintiff sues R. LaPenta and R. Nias, Corrections Officers at EJSP; Mike Power, Administrator; Beverly Broadus-Smith, Associate Administrator; Paul Lagana, Assistant Superintendent; and James Oszvart, Disciplinary Hearing Officer.  Plaintiff asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  He alleges that on July 28, 2007, defendant Nias placed Plaintiff in pre-hearing detention.  Plaintiff asserts that Nias informed him that Lt. LaPenta told Nias to place Plaintiff in detention for submitting a remedy slip against Corrections Officer Hernandez.  Plaintiff states that the next day he received a disciplinary charge for threatening Officer Hernandez.  Plaintiff states that the disciplinary hearing occurred on July 30, 2007, before defendant James Oszvart.  Plaintiff asserts that, although he denied the allegation, Oszvart found him guilty and sanctioned him to 15 days in detention, 180 days in administrative segregation, and 180 day loss of commutation credits.  Plaintiff asserts that he informed defendants Power, Lagana and Broadus-Smith of the charges, but they failed to take corrective action, and Mike Power denied Plaintiff's appeal.  Plaintiff asserts that Power subsequently approved Plaintiff's transfer to Northern State Prison.  Plaintiff alleges that he appealed the sanctions to the Appellate Division of the Superior Court of New Jersey, which ordered a "stay."  Plaintiff maintains that defendants violated his constitutional rights by imposing the disciplinary sanctions and effectuating his transfer in retaliation for Plaintiff's submission of a remedy slip against Hernandez.  He seeks damages under 42 U.S.C. § 1983.

This Court takes judicial notice of two decisions issued on June 20, 2008, by the Appellate Division of the Superior Court of New Jersey in Plaintiff's disciplinary appeals.  See Ellerbe v. Dep't of Corrections, 2008 WL 2467129 (N.J. Super., App. Div., June 20, 2008); Ellerbe v. Dep't of Corrections, 2008 WL 2467104 (N.J. Super., App. Div., June 20, 2008).  In one case, the Appellate Division upheld the disciplinary sanction of 180 days loss of contact visits imposed on Plaintiff for engaging in a sexual act with a female visitor.  The sanction was based on a disciplinary charge based on the report of Officer Hernandez that on July 14, 2007, he observed Ellerbe place his hand on the inner thigh of a female visitor, sliding it under her skirt.

The second Appellate Division opinion concerns the disciplinary infraction referenced in this Complaint.  The Appellate Division set forth the relevant facts as follows:

> On July 15, 2007, Ellerbe submitted to prison officials a remedy form used for inmate grievances.  On the form, Ellerbe set forth his complaint regarding Corrections Officer Hernandez as follows:
>
>> On 7.14.07, while having visit, I was sat upon by Officer Hernandez, who wrote a bogus charge, which laid me in from visits today with my mother and sisters, my son who is 22, and I haven't seen since he was 15 years old.  His mother just died 13 days ago, and what was used to target me for our past confrontations, has now grown to impact and effect my fiancee and family.  *The harassment needs to stop.  I ain't gonna ask again, just know I finished messing around with this guy.*  If he want[s] to hold onto a 2 year old passions, too bad!  Talk to him. (emphasis added).
>
> Based on the highlighted language in this complaint, the officer who reviewed the form charged Ellerbe with threatening another person with bodily harm or with any offense against his person or his property in violation of N.J.A.C. 10A:4-4.1(a) *.005.

3

> At the disciplinary hearing on July 30, 2007, Ellerbe testified that "I wrote the remedy [form] to voice my concerns. It is not a threat." Based on the language Ellerbe used on the form, the hearing officer found that "The words [are] of such a nature that a reasonable person would believe/convey the words as a threat, all [of which] is relied on to determine guilt."

Ellerbe v. Dep't of Corrections, 2008 WL 2467129 *1 (N.J. Super., App. Div., June 20, 2008).

The Appellate Division reversed the sanctions as follows on the ground that the evidence supporting the charge did not satisfy the "substantial evidence" standard. Id. at **1, 2.

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Court is required, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court must sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). Also, "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). The standard for failure to state a claim, in view of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), is as follows:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

Phillips v. County of Allegheny, 515 F. 3d 224, 235 (3d Cir. 2008).

The sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim asserted; the Court need not, however, credit a pro se plaintiff's "legal conclusions." Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

This Court construes the complaint as asserting that defendants violated his First Amendment right to petition, applicable through the Fourteenth Amendment, by charging him with a disciplinary infraction, placing him in pre-hearing detention and transferring him from East Jersey State Prison to Northern State Prison.[1]

A.  Retaliation

An official who retaliates against an inmate for exercising his constitutional rights may be liable under § 1983.  See Rauser v. Horn, 241 F. 3d 330, 333 (3d Cir. 2001).  "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F. 3d 523, 530 (3d Cir. 2003) (internal quotation marks and citations omitted).  To establish a causal link, the prisoner must show that the "constitutionally protected conduct was 'a substantial or motivating factor'" in the decision to take adverse action.   Rauser, 341 F. 3d at 333-34 (quoting Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

However, "once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to legitimate penological interest." Rauser v. Horn, 241 F. 3d 330, 334 (3d

---

[1] To the extent that Plaintiff seeks to assert that his transfer and confinement in pre-hearing detention deprived him of liberty interests protected by due process, such claims are dismissed with prejudice.  See Sandin v. Conner, 515 U.S. 472 (1995) (disciplinary confinement); Olim v. Wakinekona, 461 U.S. 238 (1983) (transfer).


Cir. 2001); see also Carter v. McGrady, 292 F. 3d 152, 154 (3d Cir. 2002) (retaliation claim fails where prison officials would have disciplined inmate notwithstanding his protected activity).

(1) Transfer from East Jersey to Northern State Prison

Federal courts have held that "transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." Smith v. Yarrow, 78 Fed. App'x 529, 543 (6th Cir. 2003) (citations and internal quotation marks omitted). However, in Siggers-El v. Barlow, 412 F. 3d 693, 704 (6th Cir. 2005), the Court of Appeals determined that a prison transfer that causes an inmate to lose a job that pays for his attorney and causes him to have limited access to his attorney, can be an adverse action because the consequences of that transfer would deter a person of ordinary firmness from engaging in protected conduct.

In this case, Plaintiff's transfer from East Jersey State Prison to Northern State Prison did not deprive him of access to an attorney or from prison employment that allowed him to pay for an attorney; there is no allegation that the transfer interfered with his access to courts. Moreover, the security level for general population inmates at Northern State Prison is no greater than that at East Jersey State Prison.[2] Plaintiff's retaliation claim regarding the transfer fails because he has not alleged that his transfer constituted an adverse action that would deter a prisoner of ordinary firmness from exercising his First Amendment rights. See Hix .v Tennessee Dep't of

---

[2] East Jersey State Prison "provides maximum, medium and minimum security programs for male offenders," http://www.state.nj.us/corrections/cia/ejsp.html, and Northern State Prison "offers community service activities to all minimum security inmates" and houses the Security Threat Group Management Unit, http://www.state.nj.us/corrections/cia/nsp.html. (last accessed Mar. 26, 2009). As Plaintiff does not assert he was transferred to the Security Threat Group Management Unit, he is presumably confined as a minimum security inmate.

Corrections, 196 Fed. App'x 350, 358 (6th Cir. 2006) (affirming dismissal of § 1983 claim that inmate was transferred in retaliation for grievances because transfer was not adverse action).

      (2) Disciplinary Charge and Pre-Hearing Detention

Plaintiff also contends that defendants brought and upheld the disciplinary charge, and placed him in pre-hearing detention, in retaliation for his filing a grievance against Hernandez. "A prisoner has a cause of action when the prisoner alleges that prison officials filed disciplinary charges based upon false allegations against the prisoner in retaliation for the prisoner's participation in grievances against prison officials." Henderson v. Baird, 29 F. 3d 464, 469 (8th Cir. 1994). However, no retaliation claim is stated when the disciplinary charges were brought for a legitimate penological reason, i.e., there was "some evidence" that the prisoner committed a disciplinary infraction. See Goff v. Burton, 7 F. 3d 734, 739 (8th Cir. 1993) (where prisoner claims he was disciplined in retaliation for protected conduct, court "review[s] the validity of a disciplinary committee's determination that a prisoner committed a violation under the 'some evidence' standard"); Orebaugh v. Caspari, 910 F. 2d 526, 528 (8th Cir. 1990) ("While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform"); Chidubem v. McGinnis, 134 F. 3d 370, 1997 WL 809958 *1 (6th Cir. 1997) ("A dispute over whether conduct amounted to a disciplinary infraction is not the equivalent of a false charge"). "Thus, a defendant may successfully defend a

retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation." [3] Hartsfield v. Nichols, 511 F. 3d 826, 829 (8th Cir. 2008).

Based on the above stated authority, Plaintiff's claim that the disciplinary charge was in retaliation for his filing a grievance fails. Even though the Appellate Division reversed the disciplinary charge, it did so on the ground that the evidence supporting the charge did not satisfy the "substantial evidence" standard. See Ellerbe v. DOC, 2008 WL 2467129 at *1 ("Since the language Ellerbe used was ambiguous, we do not find substantial evidence to support the charge. Accordingly, we reverse and vacate the sanction").[4] But Plaintiff's use of threatening language in the body of the grievance nevertheless provided "some evidence" that Plaintiff committed the disciplinary infraction of threatening another. Because there was "some evidence" (although not substantial evidence) to support the charge, defendants had a legitimate government interest in bringing the disciplinary charge and confining Plaintiff to pre-hearing detention pursuant to that charge. Thus, Plaintiff's First Amendment retaliation claim based on the disciplinary charges and pre-hearing detention fails and will be dismissed for failure to state a claim upon which relief may be granted. Cf. Carter v. McGrady, 292 F. 3d 152, 159 (3d Cir. 2002) ("Given the quantum of evidence of Carter's misconduct, we cannot say that the prison officials' decision to discipline

---

[3] The "some evidence" standard does not require examination of the entire record or an independent assessment of the evidence; "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 456 (1985).

[4] The Appellate Division explained: "while the statement intimates that there will be consequences if the officer does not stop harassing Ellerbe, the statement does not indicate what those consequences will be. The record provides no context that establishes by substantial evidence that the statement was threatening bodily harm or other harm to a person or property, as opposed to some other consequence . . ." Ellerbe, 2008 WL 2467129 *2.

Carter for his violations of prison policy was not within the broad discretion that we must afford them . . . . [W]e conclude that there is no genuine issue of material fact that such action was reasonably related to legitimate penological interests") (citations and internal quotation marks omitted); Adams v. Hunsberger, 262 Fed. Appx. 478, 481-82 (3d Cir. 2008) ("Because Adams' misconduct charge was supported by the evidence, and because the resulting repercussions - Adams' loss of his job, time in the RHU, and transfer to SCI-Frackville - properly flowed from the misconduct, [defendants] were entitled to . . . judgment").

However, because this Court may have misconstrued Plaintiff's allegations or Plaintiff may have inadvertently omitted relevant facts, the dismissal is without prejudice to the filing of an amended complaint stating a cognizable First Amendment retaliation claim, within 30 days of the date of the entry of the Order accompanying this Opinion.

## IV.  CONCLUSION

The Court will grant Plaintiff's application to proceed in forma pauperis and dismiss the complaint, without prejudice to the filing of an amended complaint.

<div style="text-align:center">s/William J. Martini</div>

**WILLIAM J. MARTINI**
United States District Judge

Dated: April 1 , 2008